**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **AUSTIN T. DAVIS,** | **:** | |
| | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **VS.** | **:** | **NO. 5:20-cv-00469-MTT-MSH** |
| | **:** | |
| **GEORGIA STATE PRISON, *et al.*,** | **:** | |
| | **:** | |
| **Defendants.** | **:** | |
| | **:** | |

## ORDER

Plaintiff Austin T. Davis, a prisoner most recently confined at the Georgia State Prison in Reidsville, Georgia, has filed a *pro se* Complaint seeking relief under 42 U.S.C. § 1983 (ECF No. 1). On April 7, 2021, Plaintiff was ordered to pay the Court's filing fee or file a motion for leave to proceed *in forma pauperis*. Plaintiff was also directed to amend or supplement his Complaint to provide additional information about his claims. Plaintiff was given twenty-one (21) days to comply, and he was warned that the failure to fully and timely comply with the Court's notice could result in the dismissal of his Complaint. *See generally*, Order, Apr. 7, 2021, ECF No. 3.

The time for compliance passed with no response from Plaintiff. As such, Plaintiff was ordered to respond and show cause why his lawsuit should not be dismissed for his failure to comply with the Court's previous orders and instructions. Plaintiff was again given twenty-one (21) days to comply, and he was warned that the failure to respond would result in the dismissal of his Complaint. *See generally* Order, May 6, 2021, ECF No. 4.

The time for compliance has again passed without a response from Plaintiff. Because Plaintiff has failed to comply with the Court's instructions and orders and otherwise failed to diligently prosecute his claims, this action is **DISMISSED without prejudice**.  *See* Fed. R. Civ. P. 41; *see also Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (per curiam) ("The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order.") (citing *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978)).[1]

**SO ORDERED**, this 3rd day of June, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[1] It appears the statute of limitations may have run or is about to run on Plaintiff's claims. "[W]here a dismissal without prejudice has the effect of precluding the plaintiff from re-filing his claim due to the running of the statute of limitations, it is tantamount to a dismissal with prejudice." *Stephenson v. Doe*, 554 F. App'x 835, 837 (11th Cir. 2014) (citing *Justice v. United States*, 6 F.3d 1474, 1482 n.15 (11th Cir. 1993)).  If this dismissal is effectively with prejudice, dismissal is nonetheless appropriate because "a clear record of delay or willful misconduct exists, and  . . . lesser sanctions are inadequate to correct such conduct." *Stephenson*, 554 F. App'x at 837 (citations omitted).  The Court ordered plaintiff to comply with its orders and instructions on multiple occasions and specifically warned Plaintiff each time that failure to comply would result in dismissal of this action.  Thus, even though this dismissal is intended to be without prejudice, dismissal with prejudice would also be appropriate.  *See Hickman v. Hickman*, 563 F. App'x 742, 744 (11th Cir. 2014) (per curiam) (upholding *sua sponte* dismissal with prejudice for failure to properly respond to the district court's order); *Eades v. Ala. Dep't of Human Res.*, 298 F. App'x 862, 864 (11th Cir. 2008) (per curiam) (same).